IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO. _____ |
| CITY OF COLLEGE PARK, GEORGIA, JOI PARTRIDGE, individually, and as Personal Representative for the Estate of Dorothy Wright, JOI PARTRIDGE and FLOYD COSTNER, individually as the Parents and as Co-Personal Representatives Of the Estate of Cameron Costner, and JOI PARTRIDGE and DOUGLASS PARTRIDGE individually and as the Parents and Co-Personal Representatives of Layla Partridge, | : | |
| Defendants. | : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Atlantic Specialty Insurance Company, ("Atlantic"), for its complaint against the City of College Park, Georgia ("City"); Joi Partridge, individually and as Personal Representative for the Estate of Dorothy Wright, and Joi Partridge and Floyd Costner, individually as the Parents and Co-Personal Representative of the Estate of Cameron Costner and Joi Partridge and Douglass Partridge individually as the Parents and as Co-Personal Representatives of Layla Partridge (collectively the "Underlying

Plaintiffs") alleges as follows:

## INTRODUCTION

1.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between and among Atlantic and the Underlying Plaintiffs, arising out of an insurance policy issued by Atlantic to the City. In this action, Atlantic seeks a declaration that it the limits of the insurance policy are $700,000 for the claims made by the Underlying Plaintiffs against the City, and that Atlantic's tender of those limits resolves the Underlying Plaintiffs claims against the City.

## THE PARTIES

2.

Plaintiff Atlantic Specialty Insurance Company is a New York corporation with its principal place of business Plymouth, Minnesota. Atlantic is registered to do business in the Georgia.

3.

Upon information and belief, Defendants Joi Partridge, Floyd Costner, Cameron and Douglass Partridge are all citizens of the State of Georgia.

4.

Defendant the City of College Park, Georgia is a municipal corporation located in the State of Georgia.

**JURISDICTION AND VENUE**

5.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332. Complete diversity exists between Atlantic on one hand and all of the Defendants on the other hand. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, because the Underlying Plaintiffs seek $5,000,000 from the City in the underlying lawsuit at issue here.

6.

This Court has personal jurisdiction over the Defendants because they are all citizens of the State of Georgia.

7.

Venue is proper in the Northern District of Georgia, the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and in which at least some the Defendants reside, pursuant to 28 U.S.C. § 1391(b)(2) and (3).

8.

This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists among Atlantic and the Underlying Plaintiffs involving the limits of Atlantic's policy issued to the City and whether Atlantic has offered to the Underlying Plaintiffs the maximum amount that the City could be liable for under Georgia law and the insurance policy at issue.

## FACTS

9.

The Underlying Plaintiffs filed suit in the State Court of Fulton County, Georgia on August 4, 2016 in an action captioned *Joi Partridge, et. al. v. City of College Park, et. al.,* Civil Action No. 16EV003605 ("Underlying Lawsuit"). A true and correct copy of the most recent Amended Complaint in the Underlying Lawsuit is attached hereto as Exhibit A.

10.

The Underlying Lawsuit seeks damages from the City and others for the deaths of Dorothy Wright, Cameron Costner and Layla Partridge ("Decedents"), who died on January 31, 2016 when a car operated by a criminal suspect being chased by the City's police officers collided with the automobile in which the Decedents were riding ("Accident").

11.

The Underlying Plaintiffs allege that the proximate cause of the accident was the negligence of the City's police officers and the City's negligent training, negligent failure to train, failure to supervise and/or failure to implement policies.

12.

Upon information and belief, the Underling Plaintiffs are alleging that the City can be sued for the Accident pursuant to O.C.G.A. § 36-92-2.

13.

On March 10, 2016, the Underlying Plaintiff's made an initial demand of $3,000,000 to settle its claims against the City.

14.

On April 13, 2016, counsel for the City informed the Underlying Plaintiffs that Atlantic's position is that under the terms of the insurance policy the City had obtained from Atlantic, the maximum liability of the City for the Underlying Plaintiffs' claims would be $700,000. The City's counsel then provided a copy of the insurance policy to counsel for the Underlying Plaintiffs.

15.

On November 21, 2016, the Underlying Plaintiffs sent a demand to the City for $5,000,000. The letter alleged that the Underlying Plaintiffs were demanding

$5,000,000 on because the insurance policy issued by Atlantic to the City provided up to $5,000,000 for the claims against the City.

16.

On January 3, 2017, the City sent an offer of judgment pursuant to O.C.G.A. § 9-11-68 offering $700,000. The offer of judgment was not accepted by the Underlying Plaintiffs.

17.

Under O.C.G.A. § 36-92-2 the City can only be liable to the Underlying Plaintiffs for a maximum of $500,000 per person and $700,000 per accident or up to the limits of any insurance policy purchased by the City which covers the claims in the Underlying Lawsuit, whichever is greater.

18.

Atlantic has offered $700,000 to the Underlying Plaintiffs because the insurance policy issued to the City only provides up to $700,000 in coverage for the claims Underlying Lawsuit.

19.

Thus, under Georgia law, $700,000 the maximum amount the Underlying Plaintiffs can recover from the City for the claims in the Underlying Lawsuit.

## THE ATLANTIC POLICY

20.

Atlantic issued to the City an insurance policy with policy number 791-00-05-48-003 with a policy period of June 1, 2015 to June 1, 2016 (the "Policy"). The Policy contains several coverage parts, including Business Automobile Coverage Part ("Auto Part") and an Excess Liability Coverage Part ("Excess Part"). A certified copy of the Primary Policy is attached hereto as Exhibit B.

21.

The declarations page of the Auto Part provides that the limits of the Policy under the Auto Part are $1,000,000.

22.

However, the Auto Part contains the following Endorsement:

**GEORGIA CHANGES – PROTECTION OF IMMUNITY**

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided under this endorsement, the provision of the Coverage Form apply unless modified by the endorsement.

**A. Changes in Liability Coverage**

The Following is added to **A. Coverage** under **Section II-LIABILITY COVERAGE**

> We have no duty to pay damages or any "covered pollution cost or expense" on your behalf under this policy unless the defenses of sovereign and governmental immunity are inapplicable to you.

**B. Changes in Conditions**

The following is added to **SECTION IV- BUSINESS AUTO CONDITIONS**

This policy and any coverage associated therewith does not constitute, nor reflect an intent by you, to waive or forego any defense of sovereign immunity and governmental immunity available to any insured, whether based upon statute(s), common law or otherwise, including Georgia Code Section 36-33-1, or any amendments.

23.

The declarations page of the Excess Part provides that the Excess Part sits as excess insurance over the Auto Part, the commercial general liability coverage part, and the public officials liability coverage part.

24.

The declarations page of the Excess Part provides that the limits of the Excess Part is a total of $4,000,000 for any claims in excess of limits of the underlying coverage parts.

25.

However, the Excess Part contains the following Endorsement:

**GEORGIA CHANGES – PROTECTION OF IMMUNITY**

This endorsement modifies insurance provided under the following:

EXCESS LIABILITY COVERAGE FORM

The following is added to **SECTION I- COVERAGE**

**A. INSURING AGREEMENT- EXCESS LIABILITY**

We have no duty to pay "damages" on your behalf under this policy unless the defenses of sovereign and governmental immunity are inapplicable to you.

The following is added to **SECTION V- CONDITIONS**

This policy and any coverage associated therewith does not constitute, nor reflect an intent by you, to waive or forego any defense of sovereign immunity and governmental immunity available to any insured, whether based upon statute(s), common law or otherwise, including Georgia Code Section 36-33-1, or any amendments.

## CAUSE OF ACTION
(Declaratory Relief)

26.

Atlantic hereby incorporates by reference all allegations contained in Paragraphs 1 – 25 above as if fully set forth herein.

27.

Under the GEORGIA CHANGES – PROTECTION OF IMMUNITY endorsements in the Auto Part and Excess Part, the limits of the Policy for the claims in the Underlying Lawsuit is $700,000.

28.

Therefore, Atlantic's offer of $700,000 to the Underlying Plaintiffs is the maximum amount for which the City can be liable under O.C.G.A. § 36-92-2.

WHEREFORE, Atlantic seeks judgment as follows:

    a.    For a declaration that the limits of the Policy for the claims against the City in the Underlying Lawsuit are $700,000.00;

    b.    For the costs of this suit; and

    c.    For such other and further relief as this Court may deem just and proper.

This 17th day of November, 2017.

| | |
|---|---|
| **LEWIS BRISBOIS BISGAARD & SMITH LLP**<br>1180 Peachtree Street, NE<br>Suite 2900<br>Atlanta, Georgia  30309<br>404.348.8585 (Telephone)<br>404.467.8845 (Facsimile)<br>seth.friedman@lewisbrisbois.com<br>christopher.meeks@lewisbrisbois.com | /s/ Seth M. Friedman<br>Seth M. Friedman<br>Georgia Bar No. 141501<br>Christopher Meeks<br>Georgia Bar Number 371020<br>*Attorneys for Plaintiff Atlantic Specialty Insurance Company* |